IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL J. HENDRIX, | ) | |
|     Petitioner, | ) | Civil Action No. 13-224 Erie |
| | ) | |
| v. | ) | Senior District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| NANCY GIROUX and | ) | |
| THE PENNSYLVANIA BOARD OF | ) | |
| PROBATION & PAROLE, | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by Petitioner, Paul J. Hendrix, be denied and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner is a state prisoner currently incarcerated at the State Correctional Institution located in Albion, Pennsylvania. He has filed a petition for a writ of habeas corpus in which he challenges the decision issued by the Pennsylvania Board of Probation and Parole (the "Board") on May 22, 2013, in which it denied him parole.

    **A.    Relevant Background**

On April 27, 1987, Petitioner was convicted in state court of the crimes of third-degree murder, aggravated assault, two counts of simple assault, possessing an instrument of crime, and recklessly endangering another person. His convictions stem from the brutal murder of one woman and the sexual assault of another woman during the early morning hours of October 18, 1986. The state court sentenced

1

Petitioner to a total term of imprisonment of 15-30 years. The minimum date for his sentence expired on October 19, 2001. His maximum sentence date is October 19, 2016.

The Board denied Petitioner parole in a decision it issued on May 22, 2013. On that date, it informed Petitioner:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your institutional behavior, including reported misconducts.
>
> Your failure to demonstrate motivation for success.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> You are to be reviewed in or after December, 2014.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have received a clear conduct record.

[Resp's Ex. 4, ECF No. 10-2 at 19].

In his petition for a writ of habeas corpus, Petitioner contends that the Board should have granted him parole. Respondents have filed an answer [ECF No. 10] in which they argue that Petitioner has not stated a claim that is cognizable in a federal habeas action. To the extent the petition can be read to assert a due process claim, Respondents assert that that claim must be denied.

2

B.  **Discussion**

(1)  **The Exhaustion Requirement**

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). Because it appears that Pennsylvania law does not provide a mechanism by which a prisoner such as Petitioner can challenge a parole denial based upon due process grounds, Petitioner likely is exempt from the exhaustion requirement. Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005); Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that DeFoy no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than *ex post facto* claims…. [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortable say that it is clear enough to alter our decision in DeFoy."). A federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits." Roman, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")). Because the petition plainly has no merit, this Court "need not address the issue of exhaustion in this case." Id.

(2)  **Petitioner Is Not Entitled To Habeas Relief.**

This Court must construe the petition as being filed under the federal habeas statute available to state prisoners, which is 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (May 2013) ("Habeas is the 'exclusive remedy' for the prisoner who seeks 'immediate or speedier release' from confinement.")

3

(citing, *inter alia*, Skinner v. Switzer, 131 S.Ct. 1289, 1293 (2011); Wilkinson v. Dotson, 544 US. 74, 82 (2005); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001); Felker v. Turpin, 518 U.S. 651 (1996)).

As Respondents point out, habeas relief is available to Petitioner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner does not allege anywhere in his petition that his confinement violates the Constitution, federal laws, or treaty of the United States. Thus, he does not state a claim that is cognizable in habeas.

To the extent that the petition could be construed to allege a violation of the Due Process Clause, that claim has no merit. The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Petitioner cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pennsylvania Bd. of Prob. & Parole, 724 A.2d 319, 323 (Pa. 1999). See also Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). Because Petitioner cannot

4

establish that he possesses a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision did not violate his right to procedural due process.

Any claim that Petitioner's substantive due process rights have been violated also fails. The Third Circuit Court has held that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). See also Newman, 617 F.3d at 782. The Supreme Court also has held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972)). Under substantive due process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). Id. at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Block, 631 F.2d at 237.

Importantly, the Third Circuit Court has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). That is because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which the Third Circuit Court has termed at times "conscience shocking." Hunterson, 308 F.3d at 246-47. It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." Id. at 247-48. See also Newman, 617 F.3d at 782 ("Conduct can violate

5

substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added). Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

Petitioner has not demonstrated that there was not "some basis" for the Board's challenged decision. He also has failed to direct the court to any factor relied upon by the Board that could be described as "conscience shocking." Pennsylvania law grants the Board vast discretion to grant or deny parole. 61 Pa.C.S. § 6137. The Board's consideration encompasses many different factors, all relevant to the discretionary task of granting or denying parole. 61 Pa.C.S. § 6135. In this case, the factors considered by the Board in denying Petitioner parole bear a rational relation to rehabilitation and the interests of the public. As the Board noted in its decision, it is concerned with Petitioner's institutional behavior, his failure to demonstrate motivation for success, and his minimization of the nature and circumstances of the offenses he committed. These are legitimate concerns and a rational basis for the its decision.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition should be denied. Accordingly, a certificate of appealability should be denied.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ *Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 21, 2013

cc:   The Honorable Maurice B. Cohill
      Senior United States District Judge